1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  PAUL B.,

9              Plaintiff,                    Case No. C20-1225-SKV

10       v.                                  ORDER AFFIRMING THE
                                             COMMISSIONER'S DECISION
11  COMMISSIONER OF SOCIAL
    SECURITY,
12
               Defendant.
13

14         Plaintiff seeks review of the denial of his applications for Supplemental Security Income

15  and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative

16  record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final

17  decision and **DISMISSES** the case with prejudice.

18                              BACKGROUND

19         Plaintiff was born in 1977, has a bachelor's degree, and has worked as a legislative

20  advocate, cashier/checker, computer lab monitor, deli food sales clerk, and vegetable sorter.  AR

21  30, 46, 255.  Plaintiff was last gainfully employed in 2015.  AR 256.

22         In December 2017, Plaintiff applied for benefits, alleging disability as of December 1,

23  2015.  AR 231-34.  Plaintiff's applications were denied initially and on reconsideration, and

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

Plaintiff requested a hearing.  AR 177-85, 189-204. After the ALJ conducted a hearing in June 2019 (AR 39-74), the ALJ issued a decision finding Plaintiff not disabled.  AR 13-32.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: Chiari 1 malformation, psychogenic tics, obstructive sleep apnea, obesity, degenerative disc disease, depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform sedentary work with additional limitations: he can stand and/or walk for two hours and sit for six hours in an eight-hour workday with normal breaks.  He can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds.  He can frequently balance, stoop, kneel, crouch, and crawl.  He must avoid concentrated exposure to vibrations and hazards, such as use of hazardous machinery or exposure to unprotected heights.  He can engage in and complete simple, routine tasks in two-hour increments.  He can have occasional superficial interaction with the general public (meaning that interacting with the public is not the focus of the job).  He can occasionally interact with supervisors.

**Step four**:  Plaintiff cannot perform his past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 13-32.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions and in discounting lay witness statements. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.**     The ALJ Did Not Harmfully Err in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of opinions written by treating neurologist Ali Samii, M.D.; treating psychiatrist Frank Hoffman, M.D.; counselor Suzanna Eller, M.A., LMHC; and examining psychologist David Mashburn, Ph.D.  The Court will address each disputed opinion in turn.

**1.     *Legal Standards***

In assessing Plaintiff's December 2017 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the United States Court of Appeals for the Ninth Circuit.  *See* Dkt. 17 at 4-6.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider

whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

                *2.     Dr. Samii*

In August 2018, Dr. Samii completed a form opinion indicating that Plaintiff's tic disorder, attention deficit disorder, bipolar disorder/depression, sleep apnea, and presumed Chiari 1 malformation would prevent him from performing even sedentary job duties and would cause disabling absenteeism and off-task behavior. AR 851-54. The ALJ found Dr. Samii's opinion unpersuasive because it is a checkbox form completed as part of Plaintiff's benefits application rather than for the purpose of treatment, and because Dr. Samii's conclusions are inconsistent with his own treatment notes as well as a psychological examination. AR 26.

The Court agrees with Plaintiff (Dkt. 16 at 6) that the ALJ erred in finding Dr. Samii's opinion less persuasive based on the purpose for which it was rendered. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it.").

But the ALJ's other reasoning is legitimate and supported by substantial evidence. The ALJ contrasted Dr. Samii's opinion with his own treatment notes, which indicate that Plaintiff's tic disorder is psychological rather than neurological, as well as with a psychological examination that did not include a psychological tic disorder diagnosis. *See* AR 26-27 (citing AR 647-51, 1175-80). Specifically, the ALJ pointed to Dr. Samii's description of his conversation with Plaintiff's disability attorney wherein he informed her that Plaintiff's "grounds for disability" should be "the underlying psychiatric disorders contributing to the tic disorder or

functional movement disorders." AR 1176-77. This treatment note contradicts Dr. Samii's

opinion, which attributes disabling limitations to the tic disorder. *See* AR 851-52. To the extent

that Dr. Samii's opinion also attributes disabling limitations to Plaintiff's psychological

conditions, the ALJ referenced a psychological examination that was inconsistent with that

conclusion. *See* AR 26 (citing AR 647-51). Plaintiff has not shown that the ALJ erred in finding

Dr. Samii's opinion to be inconsistent with substantial evidence in the medical record, or in

finding Dr. Samii's opinion to be unpersuasive on that basis. *See Tommasetti v. Astrue*, 533 F.3d

1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between

the opinion and the medical record); *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due

to discrepancy or contradiction between opinion and the physician's own notes or observations is

"a permissible determination within the ALJ's province").

Plaintiff raises many challenges to the ALJ's assessment of Dr. Samii's opinion, but none

of them establish error in the ALJ's decision. Plaintiff suggests that the ALJ created an internal

inconsistency in her decision by interpreting Dr. Samii's treatment note to mean that Plaintiff did

not have a tic disorder (Dkt. 16 at 9), but the ALJ did not so find. Instead, the ALJ reasonably

found that Dr. Samii's treatment note suggested that Plaintiff's tic disorder did not cause

disabling limitations, which stands in contrast to Dr. Samii's opinion attributing disabling

limitations to Plaintiff's tic disorder. *See* AR 27. The ALJ also cited Plaintiff's longitudinal

records as demonstrating normal neurological and musculoskeletal functioning, which

contradicts Dr. Samii's opinion to the extent it is based on neurological or musculoskeletal

limitations. AR 27 (citing AR 387-88, 391-92, 401-02, 553, 557, 560-61, 568-69, 572, 587, 592,

596-97, 617, 621, 631, 639, 644, 655, 667, 676, 683, 806-07, 818, 877, 882, 914, 927, 947, 965,

972, 993-94, 1005, 1133, 1166, 1176). As the ALJ noted (AR 27), the ALJ relied on those

normal findings as a basis for discounting Plaintiff's subjective allegations of disabling

limitations caused by his tic disorder (AR 20-21), and Plaintiff failed to challenge this line of

reasoning.

Plaintiff also contends that Dr. Samii's opinion would support a step-three finding that

Plaintiff equaled Listing 11.02(B), but this argument is not relevant to determining whether the

ALJ properly found Dr. Samii's opinion unpersuasive and Plaintiff failed to assign error to the

ALJ's step-three findings. *See* Dkt. 16 at 1, 9-10. Because, as explained herein, the ALJ

reasonably found Dr. Samii's opinion to be inconsistent with the medical record, the Court

affirms the ALJ's assessment of Dr. Samii's opinion.

### 3. Dr. Hoffman

In July 2018, Dr. Hoffman completed a form opinion as to Plaintiff's mental functioning,

indicating that he had a number of marked to extreme functional limitations, and that he would

also have disabling absenteeism and off-task behavior. AR 810-14. The ALJ found this opinion

unpersuasive because it was inconsistent with Plaintiff's longitudinal record, showing that

Plaintiff's mental functioning was "at most, only moderately limited." AR 28 (citing AR 553,

560, 569, 579, 629-30, 636-37, 650, 683, 877, 882, 914, 947, 965, 972).

Plaintiff argues that the ALJ's citations do not meaningfully contradict Dr. Hoffman's

opinion and were taken out of context. Dkt. 16 at 12. Plaintiff is mistaken: the ALJ cited

evidence of Plaintiff's normal concentration and attention (AR 553, 560, 569, 579, 630, 637,

650-51, 947, 965, 972), which directly contradicts Dr. Hoffman's opinion that Plaintiff would

have marked to extreme limitations in concentration, persistence, or pace (AR 812). Although

Plaintiff suggests that the ALJ substituted her own interpretation of "isolated medical findings"

for those of medical providers (Dkt. 16 at 13), the findings cited by the ALJ were neither isolated

nor unrepresentative of the opinions of medical providers. *See, e.g.*, AR 647-51 (psychological examination indicating that Plaintiff's mental limitations were not disabling).[3] That some of the notes cited by the ALJ as evidence of Plaintiff's normal concentration and attention also reference stuttering does not show that the ALJ cherry-picked evidence (Dkt. 19 at 6-7), because Dr. Hoffman did not attribute any limitations to Plaintiff's stuttering but did opine that Plaintiff had disabling concentration deficits. *See* AR 812-13.

Accordingly, the Court finds that Plaintiff has not shown that the ALJ erred in finding Dr. Hoffman's opinion to be inconsistent with other evidence in the longitudinal record, or in finding Dr. Hoffman's opinion to be unpersuasive on that basis. *See Tommasetti*, 533 F.3d at 1041.

### 4. Dr. Mashburn

Dr. Mashburn examined Plaintiff twice, in January 2017 and March 2018, and on both occasions completed DSHS psychological form opinions describing Plaintiff's symptoms and limitations. AR 626-39. The ALJ found Dr. Mashburn's 2017 opinion to be persuasive because it was consistent with Plaintiff's longitudinal medical records, and supported by his own evaluation. AR 28. The ALJ found Dr. Mashburn's 2018 opinion to be unpersuasive because, as with Dr. Hoffman's opinion, the record showed Plaintiff's mental functioning was "at most, only moderately limited." AR 28. The ALJ also noted that Dr. Mashburn's 2018 opinion was inconsistent with his 2017 opinion (which was supported by the contemporaneous mental status examination), and that the 2018 opinion was not supported by the contemporaneous mental status examination, which was "overall unremarkable." AR 28.

---

[3] Although Plaintiff claims in his reply brief (Dkt. 19 at 7) that he assigned error to the ALJ's crediting of this psychological opinion, the Court finds no such argument on the first page of the opening brief, which assigns error to the ALJ's *rejection* of certain opinions. *See* Dkt. 16 at 1. Plaintiff's suggestions that this opinion could have been discounted or was undermined for various reasons do not amount to an argument that the ALJ erred in crediting it. *See* Dkt. 16 at 9-11.

1    Plaintiff raises the same challenge to the ALJ's assessment of Dr. Mashburn's 2018

2    opinion as he did with respect to Dr. Hoffman's opinion, and again the Court finds it unavailing.

3    As with Dr. Hoffman's opinion, the ALJ cited evidence that reasonably contradicts the

4    functional limitations identified by Dr. Mashburn.  AR 28 (citing AR 553, 560, 569, 579, 629-30,

5    636-37, 650, 683, 877, 882, 914, 947, 965, 972).  Again, the Court notes that the ALJ relied in

6    part on this evidence to discount Plaintiff's subjective reports of disabling mental limitations, and

7    Plaintiff did not challenge this line of reasoning.  *See* AR 23-25.

8        Furthermore, the ALJ also reasonably found that the functional limitations identified by

9    Dr. Mashburn were unsupported by Dr. Mashburn's normal mental status examination findings

10   (AR 636-37).  Plaintiff contends that Dr. Mashburn's 2018 opinion was supported by other parts

11   of Dr. Mashburn's opinion, but only points to subjective self-reporting.  Dkt. 16 at 15.  Given

12   that the ALJ discounted Plaintiff's self-reporting and Plaintiff does not challenge that

13   assessment, Plaintiff cannot bolster Dr. Mashburn's opinion with his own subjective reports.

14       Plaintiff has not shown that the ALJ erred in finding Dr. Mashburn's 2018 opinion to be

15   inconsistent with the medical record and unsupported by clinical findings, or in discounting the

16   opinion on that basis.  *See Tommasetti*, 533 F.3d at 1041; *Thomas*, 278 F.3d at 957 ("The ALJ

17   need not accept the opinion of any physician, including a treating physician, if that opinion is

18   brief, conclusory, and inadequately supported by clinical findings.").

19       Accordingly, the Court affirms the ALJ's assessment of Dr. Mashburn's 2018 opinion.

20       5.    *Ms. Eller*

21       In May 2019, Ms. Eller completed a form opinion describing Plaintiff's mental symptoms

22   and limitations.  AR 1170-74.  The ALJ found Ms. Eller's opinion to be inadequately explained

23   because it consisted of "a checkbox form that did not set forth any specific explanation for the

statements that Ms. Eller made other than that the claimant's 'pain, mood, movement disorder impair sustained functioning.'" AR 28 (citing AR 1170-74). The ALJ also found that Ms. Eller's conclusions were inconsistent with her treatment notes, which indicate that she never witnessed any movement disorder symptoms and was relying on Plaintiff's self-reporting, and inconsistent with the many normal findings in the record. AR 28-29 (citing AR 387-88, 391-92, 401-02, 553, 557, 560-61, 568-69, 572, 587, 592, 596-97, 617, 621, 631, 639, 644, 655, 667, 676, 683, 806-07, 818, 877, 882, 914, 927, 947, 965, 972, 993-94, 1005, 1133, 1166, 1176). The ALJ cited this same evidence in discounting Dr. Samii's opinion, as discussed above. *See* AR 27.

Plaintiff argues that the ALJ erred in finding Ms. Eller's opinion to be less persuasive because it consisted of a checkbox form because even an unexplained checkbox form can be supported by treatment notes. Dkt. 16 at 16 (citing *Trevizo v. Berryhill*, 871 F.3d 664, 667 n.4 (9th Cir. 2017); *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 17 (9th Cir. 2014)). But the ALJ went on to find Ms. Eller's opinion to be unsupported by her treatment notes and inconsistent with other evidence in the record, and Plaintiff has not shown that the ALJ's findings in this regard are unreasonable. Although Plaintiff contends that the ALJ erred in suggesting that Ms. Eller's opinion was less persuasive because she had not witnessed Plaintiff's tic disorder, because a provider cannot be expected to have observed all of a patient's symptoms (Dkt. 19 at 8), the ALJ explicitly found Plaintiff's self-reporting to be unreliable and Plaintiff did not challenge that finding. Under these circumstances, Plaintiff has not shown that the ALJ erred in finding that Ms. Eller's lack of familiarity with Plaintiff's tic disorder undermined her opinion about its limiting symptoms.

1    For these reasons, the Court affirms the ALJ's assessment of Ms. Eller's opinion.[4]  *See*

2    *Tommasetti*, 533 F.3d at 1041; *Thomas*, 278 F.3d at 957.

3              **B.**          The ALJ Did Not Err in Discounting the Lay Statements

4         The record contains statements written by Plaintiff's father and his roommate, Richard

5    Erwin, Jr.  *See* AR 266-72, 330-31, 334-35.  The ALJ summarized these statements and found

6    them to be inconsistent with the medical evidence, which indicated that Plaintiff's tic disorder

7    and other conditions did not cause the "extremely limiting" symptoms the lay witnesses

8    described.  AR 29-30.

9         An ALJ may discount lay statements for germane reasons.  *See Dodrill v. Shalala*, 12

10   F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses,

11   he must give reasons that are germane to each witness.").  Plaintiff argues that the ALJ's reliance

12   on the medical evidence to discount the lay statements is not germane because lay statements are

13   intended to provide different information than medical evidence.  Dkt. 16 at 18.

14        The Ninth Circuit has held that an ALJ properly discounts lay statements that are

15   contradicted by medical evidence, however.  *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

16   2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with

17   medical evidence.").  As the ALJ explained in detail with respect to Plaintiff's description of his

18   limitations, the medical evidence contradicts the existence of the severe functional restrictions

19   alleged.  AR 19-22.  Plaintiff did not challenge this line of reasoning with respect to the ALJ's

20   discounting his own testimony, and it applies with equal force to the lay statements describing

21

22   _____

[4] Although Plaintiff suggests that the ALJ needed to provide germane reasons to discount Ms. Eller's opinion because she is a non-acceptable medical source (Dkt. 16 at 15), under the new regulations
23   applicable to this case, Ms. Eller is a medical source whose opinions are assessed using the same standards as apply to opinions from acceptable medical sources.  *See* 20 C.F.R. §§ 404.1502, 404.1520c, 416.902, 416.920c.

similar limitations.  *Cf. Molina*, 674 F.3d at 1122 (finding harmless error in an ALJ's failure to provide reasons to discount lay statements, where an ALJ's reasons for discounting a claimant's allegations applied equally to the similar lay allegations).  Accordingly, the Court finds that the ALJ did not err in relying on contrary medical evidence as a reason to discount the lay statements.

CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 1st day of July, 2021.

S. KATE VAUGHAN
United States Magistrate Judge